UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Miguel Maldonado, § | |
| § | |
| Plaintiff, § | |
| § | Case No. _____ |
| v. § | |
| § | |
| Gallant Builders, LLC, § | |
| § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Gallant Builders, LLC ("Gallant"), ("Defendant") failed to pay Miguel Maldonado ("Maldonado") overtime wages required by the Fair Labor Standards Act (FLSA).

2. In particular, Gallant misclassified Maldonado as a contractor instead of an employee like all its other workers holding his same job title and performing the same job duties. Gallant paid Maldonado a flat hourly rate for all hours workers regardless of the overtime hours.

3. Gallant is liable to Maldonado for all unpaid overtime wages for the last three years, liquidated damages, interested, attorney's fees and costs of court.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. This Court has personal jurisdiction over Gallant Builders, LLC because this Defendant is a Texas company organized under the laws of Texas with its headquarters at 6990 Portwest Drive, Suite 170, Houston, Texas 77024. This Defendant may be served by serving its registered agent and Chief Executive Officer, Bradley A. Wheeless 6990 Portwest DR. # 170 Houston, TX.

6. Venue is proper in this district pursuant to 28 U.S.C. 5 1391(b)(2) because the Defendant, Gallant, is domiciled in this district for venue purposes, and the facts giving rise to this claim occurred in this district.

## PARTIES

7. Miguel Maldonado was an hourly employee of Gallant and currently resides in Deer Park, Texas. He worked for Gallant as a safety coordinator from approximately August 2018 to December 2020 without overtime pay despite working substantial overtime hours virtually every week. His consent to be a party plaintiff is attached to this Complaint as Exhibit 1.

8. Defendant Gallant is a construction company based in Houston, Texas Defendant Gallant has its headquarters at 6990 Portwest Drive Suite 170 Houston TX 77024.

## COVERAGE UNDER THE FLSA

9. At all relevant times, Gallant was employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all relevant times, Gallant was enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all relevant times, Gallant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as trailers, tools, cell phones, computers, and personal protective equipment—that had been moved in or produced for commerce. In particular, Gallant is an emerging leader in the Houston construction market that provides flexible solutions for a variety of building needs, boast a wide

range of pre-construction and construction management services in both commercial and industrial industries.

12. At all relevant times, Gallant had annual gross volume of sales made in excess of $500,000.

**13.** At all relevant times, Maldonado was engaged in commerce or in the production of goods for commerce, and in particular were part of the team of workers that oversaw the project management and construction of office administrative buildings near industrial plants in Texas.

## THE FACTS

14. Gallant Houston based construction company that focuses on both industrial and commercial projects throughout Texas. Gallant employed Plaintiff as a safety coordinator as part of its team that oversaw the project management of multiple new administrative office buildings.

15. While performing work for Defendant, Plaintiff routinely used hard hats, ladders, wrenches, and other tools that were produced for or traveled in interstate commerce. The materials used to construct the buildings where plaintiff was in charge of safety had traveled through interstate commerce.

16. Gallant hired multiple other safety coordinators like Plaintiff who performed the same essential duties, but classified them as employees.

17. However, Gallant Classified Maldonado as a contractor. This is true even though he worked for longer periods of time than other safety coordinators. When he was first hired, he asked about being paid overtime and was told by his supervisor that the company would not pay him overtime. Instead, he was paid a flat hourly rate for all hours worked despite regularly working more than 40 hours per week.

18. Gallant did not pay Maldonado a salary.

19. When Maldonado worked fewer than 40 hours in a week, his pay was reduced by the number of hours he worked to reflect a true hourly rate of pay.

20. The following facts, among others, establish that Maldonado was an employee of Gallant as that term is defined under the FLSA:

   a. Gallant hired other safety coordinators who performed the exact same job duties as Plaintiff, classified them as employees and provided them with a W-2 tax document. Indeed, these other properly classified safety coordinators worked substantially shorter periods of time with Gallant than Plaintiff;

   b. Gallant hired Maldonado with the intention that he continue to work for Gallant indefinitely and, in fact, Maldonado worked continuously for Gallant from approximately August 2018 until December 2020;

   c. During the time Maldonado worked for Gallant, he did not work for any other company or employer and as a practically matter worked so many hours that he was able to work only for Gallant while in its employ;

   d. Gallant paid Maldonado on an hourly basis with no premium pay for overtime hours;

   e. Gallant did not pay Maldonado on project basis;

   f. Gallant required Maldonado to track the hours he worked on a daily and weekly basis and report such hours worked on a Gallant payroll form which had to be approved by his manager before being processed by Gallant's payroll department;

   g. Gallant provided Maldonado a handbook and other standard operating procedures which he, like other safety coordinators and employees, was required to follow when performing his job;

   h. Maldonado worked side by side Gallant mangers such as the superintends and project coordinators on a daily basis and followed their instructions on the details of his job;

   i. Maldonado had to report not only to the Gallant project manager and superintendent at each project, but also to the Gallant safety director who oversaw all of the safety coordinators;

    j.   Gallant provided Plaintiff with all of the materials and equipment to perform his job including, but not limited to, a Gallant cell phone, computer, gloves, vest, hardhat, office trailer, internal office space;

    k.   Gallant provided Maldonado with a Gallant email address and required him to use it when communicating on behalf of Gallant;

    l.   Gallant required Maldonado to wear the Gallant name and logo on his clothing including his hat, vest, mask and other items and was told to hold himself out as a Gallant representative when interacting with subcontractors at the site; and

    m.   While employed with Gallant for 28 months, Maldonado did not have any other sources of wages and was dependent on Gallant to earn a living.

## CAUSES OF ACTION UNDER THE FLSA

21.    The FLSA requires employers to pay employees overtime at the rate of one and one-half times their regular hourly rate of pay.

22.    Gallant paid Maldonado and hourly rate, but did not pay him an overtime premium when he worked more than 40 hours in a workweek during the entire roughly 28 months he worked for Gallant. This practice violates the FLSA.

23.    As a result, Maldonado is entitled to all of his back overtime wages, liquidated damages in an amount equal to the backpay, attorney's fees, interest, reimbursed business expenses, costs and such other relief to which they he is entitled.

## PRAYER

24.    Maldonado pray for relief as follows:

    a.   An Order pursuant to Section 216(b) of the FLSA finding Gallant Builders, LLC is liable for unpaid back wages due to Maldonado and for liquidated damages equal in amount to his unpaid compensation;

    b.   For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    c.    For an Order granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

By: /s/ *Galvin Kennedy*
    Galvin Kennedy
    Galvin@KennedyAttorney.com
    Federal Bar No. 20791
    Texas State Bar No. 00796870
    KENNEDY LAW FIRM, LLP
    2925 Richmond Ave., Ste. 1200
    Houston, TX 77098
    Telephone: (713) 425-6445
    Facsimile (888) 535-9271

ATTORNEYS IN CHARGE FOR PLAINTIFF