IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIGUEL MALDONADO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:21-cv-00428 |
| | § | |
| GALLANT BUILDERS, LLC, | § | |
|     Defendant. | § | |

JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **Galvin Kennedy (Counsel for Plaintiff) and C. Cory Rush and Melissa M. Goins (Counsel for Defendant) conferred via telephone on April 2, 2021.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **There are no related pending cases.**

3. <u>Briefly</u> describe what this case is about.

   **Plaintiff alleges that he was misclassified as a contractor instead of an employee while working for Defendant and as a result, was paid a flat hourly rate but no overtime when he worked more than forty (40) hours in a workweek, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203.**

   **Defendant denies Plaintiff's allegations.**

4. Specify the allegation of federal jurisdiction.

   **Federal Question (28 U.S.C. § 1331): claims brought pursuant to the FLSA, 29 U.S.C. § 203.**

5. Identify the parties who disagree and the reasons.

   **The parties do not disagree as to the federal jurisdiction over the claims as pled.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None anticipated.**

7. List anticipated interventions.

   **None anticipated.**

8. Describe class-action or collective-action issues.

   **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Initial disclosures have not yet been made. The parties agree to attempt to exchange initial disclosures within fourteen (14) days after the Rule 26(f) conference, and will attempt to begin exchanging documents at or near that time.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.

       **The Parties have been put on notice of the preservation of evidence requirement in this case, and at this time, do not have any preservation concerns.**

       **The Parties agree that the inadvertent disclosure of privileged documents under Federal Rule of Evidence 502 shall not require the intervention of the Court.**

       **The Parties agree to serve all pleadings, notices, and correspondence via email and ECF.**

       **The Parties agree that any and all documents produced in this matter must be produced in .pdf format with a bates label. Further, the parties agree to accept service of all document productions electronically *(i.e*. email, FTP network).**

    B. When and to whom the plaintiff anticipates it may send interrogatories.

       **Plaintiff intends to send interrogatories to Defendant within thirty to sixty days.**

C. When and to whom the defendants anticipate they may send interrogatories.

**Defendant anticipates sending interrogatories to Plaintiff within thirty to sixty days.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates deposing Derek Lundy, Adam Wheeless, and other individuals identified as likely to have discoverable information, as well as experts.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Defendant anticipates deposing Plaintiff after receiving Plaintiff's responses to written discovery. Defendant may also depose individuals identified as likely to have discoverable information, as well as experts.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff anticipates being able to designate experts by July 30, 2021.**

**Defendant anticipates being able to designate experts by August 31, 2021.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates taking the deposition of any expert designated by Defendant prior to the close of discovery.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**To the extent that Plaintiff designates expert(s), Defendant will attempt to depose such expert(s) within sixty (60) days after such designation and receipt of report(s).**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties currently agree on a discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

13. State the date the planned discovery can reasonably be completed.

    **January 31, 2022.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **Counsel for the parties have discussed possibilities for a prompt settlement or resolution of this case.**

15. Describe what each party has cone or agreed to do to bring about a prompt resolution.

    **Counsel for the parties are open to finding a reasonable and amicable resolution to this dispute, and intend to continue discussions to resolve this dispute.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **Counsel for the parties believe that mediation before a U.S. Magistrate Judge or other qualified mediator could be an effective technique for resolving this dispute at or near the close of discovery.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The Parties do not consent to trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **No jury demand has been made.**

19. Specify the number of hours it will take to present the evidence in this case.

    **Approximately 12-16 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Plaintiff is considering amending his complaint to add a claim of retaliation.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **On behalf of Plaintiff**: Galvin Kennedy Galvin@KennedyAttorney.com, State Bar No. 00796870, Fed. I.D. 20791, Kennedy Law Firm, LLP, 2925 Richmond Ave., Suite 1200, Houston, Texas 77098, Telephone: (713) 425-6445, Facsimile: (888) 535-9271.

    **On behalf of Defendant**: C. Cory Rush crush@kbslawgroup.com, State Bar No. 24074989, Fed I.D. 1125441, & Melissa M. Goins mgoins@kbslawgroup.com, State Bar No. 24074671, Fed I.D. 2089537, Karczewski | Bradshaw | Spalding, 3700 Buffalo Speedway, Suite 560, Houston, Texas 77098, Telephone: (713) 993-7066, Facsimile: (888) 726-8374.

/s/      Galvin Kennedy                           04/02/2021
Counsel for Plaintiff                             Date


/s/      C. Cory Rush                             04/02/2021
Counsel for Defendant                             Date

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MIGUEL MALDONADO,**<br>　　**Plaintiff,** | §<br>§<br>§ | |
| **v.** | § | **C.A. No. 4:21-cv-00428** |
| | § | |
| **GALLANT BUILDERS, LLC,**<br>　　**Defendant.** | §<br>§<br>§ | |

## **SCHEDULING / DOCKET CONTROL ORDER**

Anticipated Length of Trial: Approx. 2 Days　　　Non-Jury Trial

1. NEW PARTIES shall be joined by:　　　　　　　　　　　　　　June 1, 2021
   The Attorney causing the addition of new parties will provide copies of this Order to new parties.

2. EXPERT WITNESSES for the PLAINTIFF will be identified by a report listing the qualifications of each expert, each opinion that the expert will present, and the basis for it. DUE DATE:　　　　　　　　　　　　　　July 30, 2021

3. EXPERT WITNESSES for the DEFENDANT will be identified by a report listing the qualifications for each expert, each opinion that the expert will present, and the basis for it. DUE DATE:　　　　　　　　　　　　　　August 31, 2021

4. DISCOVERY must be completed by:　　　　　　　　　　　　　　January 31, 2022
   Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under the Federal Rules of Civil Procedure to respond until after the deadline.

5. DISPOSITIVE AND NON-DISPOSITIVE MOTIONS (except motions in limine) will be filed by:　　　　　　　　　　　　　　February 28, 2022

6. JOINT PRETRIAL ORDER and MOTIONS IN LIMINE　　　　　　　　　　　　　　TBD by the Court

7. TRIAL will begin at 9:00 a.m.　　　　　　　　　　　　　　TBD by the Court

_____                                         _____
Date                                                              Keith P. Ellison
                                                                  United States District Judge


\_\_04/02/2021_____                                          /s/    Galvin Kennedy_____
Date                                                              Counsel for Plaintiff


\_\_04/02/2021_____                                          /s/    C. Cory Rush_____
Date                                                              Counsel for Defendant